# Supreme Court of Florida

———

No. SC2023-1537

———

**IN RE: AMENDMENTS TO THE FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS.**

September 12, 2024

PER CURIAM.

The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy has filed a petition proposing amendments to the Florida Rules for Certified and Court-Appointed Mediators. The amendments were unanimously approved by the Committee. We previously published the amendments for comment in *The Florida Bar News* and received two comments. The Committee filed a response to the comments and revised its proposal in consideration of the commenters' concerns. Having considered the Committee's petition, the comments received, and the Committee's response, we hereby amend the Florida Rules for Certified and Court-Appointed Mediators as proposed by the

Committee in light of its revised proposal.[1]  The most significant changes are addressed below.

First, for rule 10.100 (Certification Requirements), the text of subdivision (a) (General) is split into two subdivisions, and the remaining subdivisions are relettered accordingly.  Language is added to relettered subdivision (c) (County Court Mediators) to explain the process for certified circuit court, family, or dependency mediators to become certified county court mediators.  Relettered subdivisions (d) (Family Mediators), (e) (Circuit Court Mediators), and (f) (Dependency Mediators) are amended to explain the process for applicants to obtain the required 25 points in education, and relettered subdivisions (d) and (e) are further amended to raise the number of points that must be obtained through mentorship—increasing from 30 to 40.  Finally, relettered subdivision (i) (Referral for Discipline) is amended to provide categories of discipline relating to other certifications.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; § 44.106, Fla. Stat. (2023).

- 2 -

For rule 10.105 (Point System Categories), subdivision (b) (Mediation Experience) is amended to clarify the parameters for points that must be obtained through experience, and subdivision (c) (Mentorship) is amended to provide that applicants must be mentored by at least two different certified mediators. In addition, the number of points that must be obtained through observation is increased from 5 to 10, and the number of points that must be obtained through supervised mediation is increased from 10 to 15.

Next, subdivision (a) (General Requirement) of rule 10.110 (Good Moral Character) is amended to replace specific language referring to other rules in the ruleset with a general reference, and the word "notarized" in subdivision (d) (Decertification) is changed to "sworn."

Rule 10.310 (Self-Determination) is amended to replace the word "improperly" with "unduly" in subdivision (b) (Coercion Prohibited). Thus, the amended subdivision will prohibit a mediator from "unduly" influencing a party to make a decision or unwillingly participate in mediation.

For rule 10.330 (Impartiality), subdivision (a) (Generally) is amended to provide that impartiality is required even for common

mediation techniques, and subdivision (b) (Withdrawal for Partiality) is amended to require inquiries on circumstances that could compromise a mediator's impartiality.

Next, rule 10.340 (Conflicts of Interest) is amended by adding a provision to subdivision (b) (Burden of Disclosure) that requires potential conflicts of interest to be disclosed in a way that lets parties exercise their self-determination rights. A new subdivision (d) (Conflict of Interest) is added to explain circumstances that constitute clear conflicts of interest, and language clarifying restrictions is added to relettered subdivision (e) (Conflict During Mediation). A new subdivision (g) (Social Networking) is added to explain how social media and social networks can impact conflict-of-interest determinations. Finally, a new Committee Note is added to explain the changes to rule 10.340.

Next, rule 10.360 (Confidentiality) is amended to describe in greater detail the guidelines of confidentiality in mediation.

Language is added to rule 10.380 (Fees and Expenses) stating that a written explanation of fees and costs must include "potential" fees and costs.

In rule 10.420 (Conduct of Mediation), a Committee Note is added to clarify how a mediator's single opening statement must be delivered, and subdivision (b) (Adjournment or Termination) is amended to clarify how a mediator is required to adjourn or terminate mediation. Notably, in the proposal we published for comment, subdivision (b)(7) included the phrase "clear conflict of interest," but the Committee revised its proposal to delete the word "clear" in consideration of the comments received by the Court. The amendment that we adopt omits the word "clear" from the language of subdivision (b)(7).

The title of rule 10.660 (Relationships with Other Mediators) is changed to "Relationships *of* Other Mediators."

Accordingly, the Florida Rules for Certified and Court-Appointed Mediators are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring and deletions are indicated by struck-through type. The amendments become effective January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

- 5 -

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Alternative Dispute Resolution Rules and Policy

Hon. Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, DeLand, Florida, and Thomas A. David, Chief, Alternative Dispute Resolution, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

Christy Foley, Chair, Alternative Dispute Resolution Section of The Florida Bar, Sanford, Florida, and Shari Elessar of Back on Track Mediation, Royal Palm Beach, Florida; and Meah Rothman Tell, Tamarac, Florida,

    Responding with comments

# APPENDIX

## RULE 10.100. CERTIFICATION REQUIREMENTS

**(a) General.** For certification as a county court, family, circuit court, dependency, or appellate mediator, a mediator must be at least 21 years of age and be of good moral character.

**(b) Points**. For certification as a county court, family, circuit court, or dependency mediator, ~~one~~an applicant must have the required number of points for the type of certification sought as specifically required in rule 10.105, except that certified family, dependency, or circuit court mediators seeking county court certification may qualify as provided in subdivisions (c)(2)-(3), below.

**(~~b~~c) County Court Mediators.** For initial certification as a mediator of county court matters, an applicant must:

(1) ~~h~~Have at least a high school diploma or a General Equivalency Diploma (GED) and 100 points, which ~~shall~~must include:

(~~1~~A) 30 points for successful completion of a Florida Supreme Court certified county court mediation training program;

(~~2~~B) 10 points for education; and

(~~3~~C) 60 points for mentorship~~.~~;

or

(2) Be a currently certified Florida Supreme Court circuit court mediator;

or

(3) Be a currently certified Florida Supreme Court family or dependency mediator and obtain 30 points of mentorship from observing or conducting mediations under the supervision of a

certified county mediator for county court cases in the two years preceding application.

**(ed) Family Mediators.** For initial certification as a mediator of family and dissolution of marriage issues, an applicant must have at least a bachelor's degree and 100 points, which ~~shall~~must include, at a minimum:

(1) [No Change]

(2) 25 points for education~~/~~, or 20 points for education and 5 points for mediation experience, or 20 points for education and 5 points for a graduate certificate in conflict resolution; and

(3) ~~30~~40 points for mentorship.

Additional points above the minimum requirements may be awarded for completion of additional education~~/~~, mediation experience, mentorship, ~~and~~or miscellaneous activities.

**(de) Circuit Court Mediators.** For initial certification as a mediator of circuit court matters, other than family matters, an applicant must have at least a bachelor's degree and 100 points, which ~~shall~~must include, at a minimum:

(1) 30 points for successful completion of a Florida Supreme Court certified circuit court mediation training program;

(2) 25 points for education~~/~~, or 20 points for education and 5 points for mediation experience, or 20 points for education and 5 points for a graduate certificate in conflict resolution; and

(3) ~~30~~40 points for mentorship.

Additional points above the minimum requirements may be awarded for completion of additional education~~/~~, mediation experience, mentorship, ~~and~~or miscellaneous activities.

**(ef) Dependency Mediators.** For initial certification as a mediator

of dependency matters, as defined in Florida Rule of Juvenile Procedure 8.290, an applicant must have at least a bachelor's degree and 100 points, which ~~shall~~must include, at a minimum:

(1) [No Change]

(2) 25 points for education~~/~~, or 20 points for education and 5 points for mediation experience, or 20 points for education and 5 points for a graduate certificate in conflict resolution; and

(3) 40 points for mentorship.

Additional points above the minimum requirements may be awarded for completion of additional education~~/~~, mediation experience, mentorship, ~~and~~or miscellaneous activities.

**(~~f~~g) Appellate Mediators.** For initial certification as a mediator of appellate matters, an applicant must be a Florida Supreme Court certified circuit court, family, or dependency mediator and successfully complete a Florida Supreme Court certified appellate mediation training program.

**(~~g~~h) Senior Judges Serving as Mediators.** A senior judge may serve as a mediator in a court-ordered mediation in a circuit in which the senior judge is presiding over criminal cases or in a circuit in which the senior judge is not presiding as a judge, or in both, only if certified by the Florida Supreme Court as a mediator for that type of mediation.

**(~~h~~i) Referral for Discipline.** If ~~the~~other professional certification or licensure ~~necessary~~of a mediator ~~for any person to be certified as a family or circuit mediator~~ is suspended or revoked, or if the mediator holding such certification or licensure is in any other manner disciplined, such matter ~~shall~~must be referred ~~to the Mediator Qualifications Board~~ for appropriate action pursuant to rule 10.8~~0~~10.

**(~~i~~j) Special Conditions.** Mediators who are certified prior to August 1, 2006, ~~shall~~are not ~~be~~ subject to the point requirements for any

- 9 -

category of certification in relation to which continuing certification is maintained.

## RULE 10.105.  POINT SYSTEM CATEGORIES

**(a) Education.** Points ~~shall~~will be awarded in accordance with the following schedule (points are only awarded for the highest level of education completed and honorary degrees are not included):

| | |
|---|---|
| High School Diploma~~/~~ or GED | 10 points |
| Associate~~'s~~ Degree | 15 points |
| Bachelor's Degree | 20 points |
| Master's Degree | 25 points |
| Master's Degree in Conflict Resolution | 30 points |
| Doctorate (e.g., Ph.D., J.D., M.D., Ed.D., LL.M) | 30 points |
| Ph.D. from Accredited Conflict Resolution Program | 40 points |

An additional five points will be awarded for completion of a graduate level conflict resolution certificate program in an institution which has been accredited by Middle States Association of Colleges and Schools, the New England Association of Schools and Colleges, the North Central Association of Colleges and Schools, the Northwest Association of Schools and Colleges, the Southern Association of Colleges and Schools, the Western Association of Schools and Colleges, the American Bar Association, or an entity of equal status.

**(b) Mediation Experience.** One point per year will be awarded to a Florida Supreme Court certified mediator for each year that mediator has mediated at least 15 cases of any type over a consecutive five-year period. In the alternative, a maximum of five points will be awarded to any mediator, regardless of Florida Supreme Court certification, who has conducted a minimum of 100 mediations over a consecutive five-year period.

**(c) Mentorship.** ~~Ten~~Fifteen points will be awarded for each supervised mediation completed of the type for which certification is sought and ~~five~~ten points will be awarded for each mediation session of the type for which certification is sought which is

observed.  Observations or supervised mediations must be completed with a minimum of two different mentors.

**(d) Miscellaneous Points.**

(1) Five points ~~shall~~will be awarded to applicants currently licensed or certified in any United States jurisdiction in psychology, accounting, social work, mental health, health care, education, or the practice of law or mediation. Such award ~~shall~~must not exceed a total of five points regardless of the number of licenses or certifications obtained.

(2) Five points ~~shall~~will be awarded for possessing conversational ability in a foreign language as demonstrated by certification by the American Council on the Teaching of Foreign Languages (ACTFL) Oral Proficiency Test, qualification as a court interpreter, accreditation by the American Translators Association, or approval as a sign language interpreter by the Registry of Interpreters for the Deaf. Such award ~~shall~~must not exceed a total of five points regardless of the number of languages in which the applicant is proficient.

(3) Five points ~~shall~~will be awarded for the successful completion of a mediation training program (minimum 30 hours in length) which is certified or approved by a jurisdiction other than Florida and which may not be the required Florida Supreme Court certified mediation training program. Such award ~~shall~~must not exceed five points regardless of the number of training programs completed.

(4) Five points ~~shall~~will be awarded for certification as a mediator by the Florida Supreme Court. Such award ~~shall~~will not exceed five points per category regardless of the number of training programs completed or certifications obtained.

### Committee Notes

**2023 Revision.** The following table is intended to illustrate the point system established in this rule. Any discrepancy between the

table and the written certification requirements ~~shall~~will be resolved in favor of the latter.

| Points Needed Per Area of Certification | | Minimum Points Required in Each Area |
|---|---|---|
| ~~County~~ | ~~100~~ | ~~30 certified county mediation training; 10 education (minimum HS Diploma/GED); 60 mentorship~~ |
| ~~Family~~ | ~~100~~ | ~~30 certified family mediation training; 25 education/mediation experience (minimum Bachelor's Degree); 30 mentorship [and requires 15 additional points]~~ |
| ~~Dependency~~ | ~~100~~ | ~~30 certified dependency mediation training; 25 education/mediation experience (minimum Bachelor's Degree); 40 mentorship [and requires 5 additional points]~~ |
| ~~Circuit~~ | ~~100~~ | ~~30 certified circuit mediation training, 25 education/mediation experience (minimum Bachelor's Degree); 30 mentorship; [and requires 15 additional points]~~ |

| Education/Mediation Experience (points awarded for highest level of education received) | | | |
|---|---|---|---|
| ~~HS Diploma/GED~~ | ~~10 points~~ | ~~Master's Degree in Conflict Resolution~~ | ~~30~~ |
| ~~Associate's Degree~~ | ~~15 points~~ | ~~Doctorate (e.g., JD, MD, PhD, EdD, LLM)~~ | ~~30~~ |
| ~~Bachelor's Degree~~ | ~~20 points~~ | ~~Ph.D. from accredited CR Program~~ | ~~40~~ |
| ~~Master's Degree~~ | ~~25 points~~ | ~~Graduate Certificate CR Program~~ | ~~+5~~ |
| ~~Florida certified mediator: 1 point per year in which mediated at least 15 mediations (any type) OR any mediator: – 5 points for minimum of 100 mediations (any type) over a 5 year period~~ | | | |

| ~~Mentorship - must work with at least 2 different certified mediators and must be completed for the type of certification sought~~ | |
|---|---|
| ~~Observation~~ | ~~5 points each session~~ |
| ~~Supervised Mediation~~ | ~~10 points each complete mediation~~ |

| ~~Miscellaneous Points~~ | |
|---|---|
| ~~Licensed to practice law, psychology, accounting, social work, mental health, health care, education or mediation in any US jurisdiction~~ | ~~5 points (total)~~ |
| ~~Florida Certified Mediator~~ | ~~5 points (total)~~ |
| ~~Foreign Language Conversational Ability as demonstrated by certification by ACTFL Oral Proficiency Test; qualified as a court interpreter; or accredited by the American Translators Association; Sign Language Interpreter as demonstrated by approval by the Registry of Interpreters for the Deaf~~ | ~~5 points (total)~~ |
| ~~Completion of additional mediation training program (minimum 30 hours in length) certified/approved by a state or court other than Florida~~ | ~~5 points (total)~~ |

| 100 Points Required in Each Area of Mediator Certification Area *Except* for Appellate and Certified Family, Dependency, or Circuit Court Mediators Seeking County Certification | |
|---|---|
| County | Minimum Points: |
| | (1) 30 certified county mediation training; and |
| | (2) 10 education for HS Diploma or GED; and |
| | (3) 60 mentorship. [*Note: Mentorship points cannot be reduced as a product of having more than the 10 points in the educational or educational and mediation experience component.*] |
| | = 100 points |

| | |
|---|---|
| <u>Family</u> | <u>Minimum Points:</u><br><br>    <u>(1) 30 certified family mediation training; and</u><br><br>    <u>(2) 25 educational, or 20 educational and 5 for mediation experience, or 20 educational and 5 for a graduate certificate in conflict resolution; and</u><br><br>    <u>(3) 40 mentorship; and</u><br><br>    <u>(4) 5 additional points via mentorship, higher education, mediation experience, or options under miscellaneous points.</u><br><br> <u>= 100 points</u> |
| <u>Dependency</u> | <u>Minimum Points:</u><br><br>    <u>(1) 30 certified dependency mediation training; and</u><br><br>    <u>(2) 25 educational, or 20 educational and 5 for mediation experience, or 20 educational and 5 for a graduate certificate in conflict resolution; and</u><br><br>    <u>(3) 40 mentorship; and</u><br><br>    <u>(4) 5 additional points via mentorship, higher education, mediation experience, or options under miscellaneous points.</u><br><br><u>= 100 points</u> |

| Circuit Court | Minimum Points:<br>   (1) 30 certified circuit court mediation training; and<br>   (2) 25 educational, or 20 educational and 5 for mediation experience, or 20 educational and 5 for a graduate certificate in conflict resolution; and<br>   (3) 40 mentorship; and<br>   (4) 5 additional points via mentorship, higher education, mediation experience, or options under miscellaneous points.<br>= 100 points |
|---|---|
| Appellate | An applicant must be a Florida Supreme Court certified circuit court, family, or dependency mediator and successfully complete a certified appellate mediation training program. |

| Educational & Mediation Experience Points for Family, Circuit Court, and Dependency<br>[Note: County Education Minimum Listed on Previous Page] ||
|---|---|
| 40 points | Ph.D. from accredited conflict resolution program |
| 30 points | Doctorate (e.g., JD, MD, PhD, EdD, LLM) |
| 30 points | Master's degree in conflict resolution |
| 25 points | Master's degree |
| 25 points | Graduate certificate conflict resolution program and a bachelor's degree |
| 25 points | Mediated 15 cases (*of any type*) a year as a Florida Supreme Court certified mediator for a consecutive five-year period and a bachelor's degree |
| 25 points | Minimum of 100 mediations (*of any type*) conducted as mediator over a consecutive five-year period and a bachelor's degree |

| + 5 points | An additional five points will be awarded for completion of a graduate level conflict resolution certificate program |
|---|---|
| Florida Supreme Court certified mediator: one point per year in which mediated at least 15 mediations over a five-year period (any type); or any mediator: five points for minimum of 100 mediations over a five-year period (any type) | |
| Mentorship Options: You Choose How to Reach Required Points [Note: You must work with at least two different certified mediators.] | |
| 10 points each session | Observation |
| 15 points each complete mediation | Supervised mediation |

| Miscellaneous Options: Helping You Reach 100 Points | |
|---|---|
| 5 points (total) | Licensed to practice law, psychology, accounting, social work, mental health, health care, education, or mediation in any U.S. jurisdiction |
| 5 points (total) | Florida Supreme Court certified mediator *(currently certified)* |
| 5 points (total) | Foreign language conversational ability as demonstrated by certification by ACTFL Oral Proficiency Test; qualified as a court interpreter; or accredited by the American Translators Association; sign language interpreter as demonstrated by approval by the Registry of Interpreters for the Deaf |
| 5 points (total) | Completion of additional mediation training program (minimum 30 hours in length) certified or approved by a state or court other than Florida |

**RULE 10.110.  GOOD MORAL CHARACTER**

**(a) General Requirement.** No person ~~shall~~may be certified by this ~~C~~court as a mediator unless such person first produces satisfactory evidence of good moral character as required by ~~rule 10.100~~these rules.

**(b) Purpose.** The primary purpose of the requirement of good moral character is to ensure protection of the participants in mediation and the public, as well as to safeguard the justice system. A mediator ~~shall~~must have, as a prerequisite to certification and as a requirement for continuing certification, the good moral character sufficient to meet all of the ~~Mediator~~ Standards of Professional Conduct set out in these rules ~~10.200-10.690~~.

**(c) Certification.** The following ~~shall~~ apply in relation to determining the good moral character required for initial and continuing mediator certification:

(1) [No Change]

(2) An applicant for initial certification who has been convicted of a felony ~~shall~~is not ~~be~~ eligible for certification until such person has received a restoration of civil rights.

(3) An applicant for initial certification who is serving a sentence of felony probation ~~shall~~is not ~~be~~ eligible for certification until termination of the period of probation.

(4) In assessing whether the applicant's or mediator's conduct demonstrates a present lack of good moral character the following factors ~~shall be~~are relevant:

(A) – (K) [No Change]

**(d) Decertification.** A certified mediator ~~shall be~~is subject to decertification for any knowing and willful incorrect material information contained in any mediator application. There is a

presumption of knowing and willful violation if the application is completed, signed, and ~~notarized~~sworn.

## RULE 10.120. NOTICE OF CHANGE OF ADDRESS OR NAME~~.~~

**(a) Address Change.** When~~ever~~ any certified mediator changes residence or mailing address, that person must within 30 days ~~thereafter~~ notify the ~~center~~Dispute Resolution Center of such change.

**(b) Name Change.** When~~ever~~ any certified mediator changes legal name, that person must within 30 days ~~thereafter~~ notify the ~~center~~Dispute Resolution Center of such change.

## RULE 10.130. NOTIFICATION OF CONVICTION

**(a) Definition.** "Conviction" means a determination of guilt which is the result of a trial, or entry of a plea of guilty or no contest, regardless of whether adjudication of guilt or imposition of sentence was suspended, deferred, or withheld, and applies in relation to any of the following:

(1) ~~a~~Any felony, any misdemeanor of the first degree, or any misdemeanor of the second degree involving dishonesty or false statement~~;~~.

(2) ~~a~~Any conviction of a similar offense described in subdivision (1) that includes a conviction by a federal, military, or tribal tribunal, including courts-martial conducted by the Armed Forces of the United States~~;~~.

(3) ~~a~~Any conviction of a similar offense described in subdivision (1) that includes a conviction or entry of a plea of guilty or no contest resulting in a sanction in any jurisdiction of the United States or any foreign jurisdiction. A sanction includes, but is not limited to, a fine, incarceration in a state prison, federal prison, private correctional facility, or local detention facility~~; or~~.

(4) ~~a~~Any conviction of a similar offense described in subdivision (1) of a municipal or county ordinance in this or any other state.

**(b) Report of Conviction.** A conviction ~~shall~~must be reported in writing to the ~~center~~Dispute Resolution Center within 30 days of such conviction. A report of conviction ~~shall~~must include a copy of the order or orders pursuant to which the conviction was entered.

**(c) Suspension.** Upon receipt of a report of felony conviction, the ~~center~~Dispute Resolution Center ~~shall~~must immediately suspend all certifications and refer the matter to the ~~q~~Qualifications ~~complaint~~ Inquiry ~~c~~Committee.

**(d) Referral.** Upon receipt of a report of misdemeanor conviction, the ~~center~~Dispute Resolution Center ~~shall~~must refer the matter to the ~~q~~Qualifications ~~complaint~~Inquiry ~~c~~Committee for appropriate action. If the ~~center~~Dispute Resolution Center becomes aware of a conviction prior to the required notification, it ~~shall~~must refer the matter to the ~~q~~Qualifications ~~complaint~~Inquiry ~~c~~Committee for appropriate action.

## RULE 10.140. OPERATING PROCEDURES AND AUTHORITY

The Committee on Alternative Dispute Resolution Rules and Policy ~~shall have~~has authority to promulgate, adopt, and amend operating procedures regarding:

**(a) – (d)** [No Change]

## RULE 10.200. SCOPE AND PURPOSE

These ~~R~~rules provide ethical standards of conduct for certified and court-appointed mediators. Court-appointed mediators are mediators selected by the parties or appointed by the court as the mediator in court-ordered mediations. These ~~R~~rules are intended to both guide mediators in the performance of their services and instill public confidence in the mediation process. The public's use, understanding, and satisfaction with mediation can only be

achieved if mediators embrace the highest ethical principles. Whether the parties involved in a mediation choose to resolve their dispute is secondary in importance to whether the mediator conducts the mediation in accordance with these ethical standards.

**Committee Notes**

**2000 Revision.** [No Change]

## RULE 10.310.  SELF-DETERMINATION

**(a) Decision-making.** Decisions made during a mediation are to be made by the parties. ~~A mediator shall not make substantive decisions for any party.~~ A mediator is responsible for assisting the parties in reaching informed and voluntary decisions while protecting their right of self-determination. <u>A mediator must not make substantive decisions for any party.</u>

**(b) Coercion Prohibited.** A mediator ~~shall~~<u>must</u> not coerce or ~~improperly~~<u>unduly</u> influence any party to make a decision or unwillingly participate in a mediation.

**(c) Misrepresentation Prohibited.** A mediator ~~shall~~<u>must</u> not intentionally or knowingly misrepresent any material fact or circumstance ~~in the course of~~<u>while</u> conducting a mediation.

**(d) Postponement or Cancellation.** If, for any reason, a party is unable to freely exercise self-determination, a mediator ~~shall~~<u>must</u> cancel or postpone a mediation.

**Committee Notes**

**2000 Revision.** [No Change]

## RULE 10.320.  NONPARTICIPATING PERSONS

A mediator ~~shall~~<u>must</u> promote awareness by the parties of the interests of persons affected by actual or potential agreements who are not represented at mediation.

**Committee Notes**

**2000 Revision.** [No Change]

**RULE 10.330.  IMPARTIALITY**

**(a) Generally.** A mediator ~~shall~~must maintain impartiality throughout the mediation process. Impartiality means freedom from favoritism or bias in word, action, or appearance, and includes a commitment to assist all parties, as opposed to any one individual. A mediator must maintain impartiality even while raising questions regarding the reality, fairness, equity, durability, and feasibility of proposed options for settlement.

**(b) Withdrawal for Partiality.** As soon as practicable, a mediator must make reasonable inquiry into the identities of the parties and into other circumstances that could compromise the mediator's impartiality.  A mediator ~~shall~~must withdraw from mediation if the mediator is no longer impartial.

**(c) Gifts and Solicitation.** A mediator ~~shall~~must neither give nor accept a gift, favor, loan, or other item of value in any mediation process. During the mediation process, a mediator ~~shall~~must not solicit or otherwise attempt to procure future professional services.

**Committee Notes**

**2024 Revision.** The last sentence of the first paragraph of the 2000 Revision Committee Note is of such importance that it was elevated from inclusion in a Committee Note to inclusion in Rule 10.330(b).

**2000 Revision.** [No Change]

**RULE 10.340.  CONFLICTS OF INTEREST**

**(a) Generally.** A mediator ~~shall~~must not mediate a matter that presents a clear or undisclosed conflict of interest. A conflict of interest arises when any relationship between the mediator and the

mediation participants or the subject matter of the dispute compromises or appears to compromise the mediator's impartiality.

**(b) Burden of Disclosure.** The burden of disclosure of any potential conflict of interest rests on the mediator. Disclosure ~~shall~~must be made as soon as ~~practical~~practicable after the mediator becomes aware of the interest or relationship giving rise to the potential conflict of interest and in a manner that allows the parties to exercise their right of self-determination freely as to both selection of the mediator and participation in the mediation process.

**(c) Effect of Disclosure.** After appropriate disclosure, the mediator may serve if all parties agree. However, if a conflict of interest clearly impairs a mediator's impartiality, the mediator ~~shall~~must withdraw regardless of ~~the~~any express agreement of the parties.

**(d) Conflict of Interest.** A clear conflict of interest is limited to the following circumstances:

> (1) the mediator (or the mediator's spouse or domestic partner) is related by blood, adoption, or marriage to a person within the third degree of relationship to one of the mediation participants or a participant's spouse or domestic partner;

> (2) the mediator previously provided services (other than mediation services) for, or represented one or more of the mediation participants in, the current case or dispute at issue in the mediation; or

> (3) the mediator is currently providing services (other than mediation services) or representing one or more of the mediation participants.

**(e) Conflict During Mediation.**

> (1) A mediator ~~shall~~must not create a conflict of interest during the mediation. ~~During a mediation, a mediator shall not provide any services that are not directly related to the mediation~~

~~process.~~

(2) When a mediator decides to make a report permitted or required under applicable law, the mediator must withdraw from the case, if making the report creates a conflict of interest subject to the provisions of subdivision (c) or (d).

(3) A mediator must not provide any services that are not directly related to the mediation process. A mediator is accordingly prohibited from providing services such as accounting, psychiatric, legal or paralegal services, psychological or social counseling, therapy, or business consultations of any sort during the mediation process.

(4) A mediator may notarize, if properly commissioned, or witness signatures on a mediation agreement and documents associated with the agreement, provided the mediator does not charge a separate fee for notarizing or witnessing such signatures.

**~~(e)~~(f) Senior and Retired Judges.** If a mediator who is a senior judge or retired judge not eligible for assignment to temporary judicial duty has presided over a case involving any party, attorney, or law firm in the mediation, the mediator ~~shall~~must disclose such fact prior to mediation. A mediator ~~shall~~must not serve as a mediator in any case in a circuit in which the mediator is currently presiding over civil cases as a senior judge. Absent express consent of the parties, a mediator ~~shall~~must not serve as a senior judge over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years. A senior judge who provides mediation services may preside over criminal cases in circuits in which the judge provides mediation services. A senior judge who provides mediation services may also preside over civil and criminal cases in circuits in which the judge does not provide mediation services.

**(g) Social Networking.** Mediators may create connections with mediation participants or their counsel on a social networking site (*e.g.*, "friends" on Facebook, "followers" on X, formerly known as Twitter). However, mediators who do so must recognize that such

designations may create the appearance of a conflict and may only mediate disputes involving such mediation participants or their counsel consistent with subdivisions (a) and (b) above.

## Committee Notes

**2024 Revision.** Subdivision (e)(2) addresses those situations where a mediator's decision to report creates a clear conflict of interest. A mediator's obligation to file a mediator report with the court at the conclusion of a mediation and pursuant to applicable rules of procedure does not create a conflict of interest and does not require withdrawal from the case.

Under subdivision (e)(3), a mediator is not prohibited from mediating the dispute and assisting pro se litigants with filling out forms approved by the Florida Supreme Court after a mediated settlement agreement. However, mediators should not use the mediation to solicit future business and should be aware of other professions' standards of conduct which may be violated (e.g., unauthorized or unlicensed practice of law, Florida Bar Rules of Professional Conduct). Further, the mediator must ensure the parties make all decisions regarding the completion of such forms, including, by way of example, the designation of petitioner and respondent in a family case.

**2000 Revision.** [No Change]

## RULE 10.350. DEMEANOR

A mediator ~~shall~~must be patient, dignified, and courteous during the mediation process.

## RULE 10.360. CONFIDENTIALITY

**(a) Scope.** Except where disclosure is required or permitted by law or is agreed to by all parties and counsel, ~~A~~a mediator ~~shall~~must maintain confidentiality of all information revealed during mediation ~~except where disclosure is required or permitted by law or is agreed to by all parties~~.

**(b) Caucus.** Information obtained during caucus may not be revealed by the mediator to any other mediation participant without the consent of the disclosing party. However, a mediator may establish as a policy for the mediation that information disclosed during caucus may be disclosed to the other mediation participants unless a party expressly tells the mediator to keep the information confidential.

**(c) Record Keeping.** A mediator ~~shall~~must maintain confidentiality in the storage and disposal of records and ~~shall~~must not disclose any identifying information when materials are used for research, training, or statistical compilations. A mediator may, but is not obligated to, shred notes or other records immediately after the mediation.

**(d) Staff Confidentiality.** A mediator who uses the services of others to perform clerical tasks must take reasonable steps to ensure confidentiality is maintained. The mediator, in furtherance of the mediation, must advise office staff that the mediation records are confidential pursuant to this rule and Florida law.

**(e) Reporting Outcome.** When a mediator is obligated to report the outcome of the mediation, a mediator may report to the court agreement, no agreement, partial agreement, or adjournment for further mediation without comment or recommendation. The mediator must not include comments reflecting the mediator's opinions regarding whether a party or counsel mediated in good faith. No other descriptors or modifiers may be used in the mediator report unless the parties have consented to them in writing.

**(f) Presence.** Nothing in this rule prohibits the mediator from identifying who was or was not present at the mediation and whether present physically or by communication technology.

## Committee Notes

**2024 Revision.** The second sentence of subdivision (b) of the rule adopts the process outlined in Mediator Ethics Advisory Committee Opinion 2003-005, which emphasizes that a mediator utilizing this process must obtain consent from the parties and counsel. If a party objects to this process, the mediator must obtain express consent to disclose information revealed in caucus by that party but could implement the process for the consenting party.

Subdivision (d) of this rule is intended to adopt the position reflected in Mediator Ethics Advisory Committee Opinion 2016-003.

Subdivision (e) of this rule is intended to address situations where mediation referral language obligates a mediator to report if a party fails to mediate in good faith. These referrals necessarily require the mediator to form subjective opinions without the benefit of all of the information the parties and counsel rely on at mediation. Because probing the parties' strategies to determine whether a particular mediation-related position, comment, or offer made during a mediation constitutes a lack of good faith, creates a slippery slope, and is inconsistent with the role of a mediator, this rule intends to avoid these circumstances unless the parties consent in writing.

Subdivision (f) of this rule intends to clarify that a mediator may report the existence of a full or partial agreement to the court in a manner consistent with applicable rules of procedure. The Committee acknowledges that "impasse" is a word frequently used for no agreement.

## RULE 10.370. ADVICE, OPINIONS, OR INFORMATION

**(a)** [No Change]

**(b) Independent Legal Advice.** When a mediator believes a party does not understand or appreciate how an agreement may adversely affect legal rights or obligations, the mediator ~~shall~~must advise the party of the right to seek independent legal counsel.

**(c) Personal or Professional Opinion.** A mediator ~~shall~~must not offer a personal or professional opinion intended to coerce the parties, unduly influence the parties, decide the dispute, or direct a resolution of any issue. Consistent with standards of impartiality and preserving party self-determination however, a mediator may point out possible outcomes of the case and discuss the merits of a claim or defense. A mediator ~~shall~~must not offer a personal or professional opinion as to how the court in which the case has been filed will resolve the dispute.

**Committee Notes**

**2000 Revision. (**previously Committee Note to 1992 adoption of former rule 10.090**).** [No Change]

**2000 Revision.** [No Change]

**RULE 10.380. FEES AND EXPENSES**

**(a) Generally.** A mediator holds a position of trust. Fees charged for mediation services ~~shall~~must be reasonable and consistent with the nature of the case.

**(b) Guiding Principles in Determining Fees.** A mediator ~~shall~~must be guided by the following general principles in determining fees:

    (1) Any charges for mediation services based on time ~~shall~~must not exceed actual time spent or allocated.

    (2) Charges for costs ~~shall~~may only be for ~~those~~costs actually incurred.

    (3) All fees and costs ~~shall~~must be appropriately divided between the parties.

    (4) When time or expenses involve two or more mediations on the same day or trip, the time and expense charges ~~shall~~must be prorated appropriately.

**(c) Written Explanation of Fees.** A mediator ~~shall~~<u>must</u> give the parties or their counsel a written explanation of any <u>potential</u> fees and costs prior to mediation. The explanation ~~shall~~<u>must</u> include:

(1) – (4) [No Change]

**(d) Maintenance of Records.** A mediator ~~shall~~<u>must</u> maintain records necessary to support charges for services and expenses and upon request ~~shall~~<u>must</u> make an accounting to the parties, their counsel, or the court.

**(e) Remuneration for Referrals.** No commissions, rebates, or similar remuneration ~~shall~~<u>may</u> be given or received by a mediator for a mediation referral.

**(f) Contingency Fees Prohibited.** A mediator ~~shall~~<u>must</u> not charge a contingent fee or base a fee on the outcome of the process.

## RULE 10.410. BALANCED PROCESS

A mediator ~~shall~~<u>must</u> conduct mediation sessions in an even-handed, balanced manner. A mediator ~~shall~~<u>must</u> promote mutual respect among the mediation participants throughout the mediation process and encourage the participants to conduct themselves in a collaborative, non-coercive, and non-adversarial manner.

### Committee Notes

**2000 Revision.** [No Change]

## RULE 10.420. CONDUCT OF MEDIATION

**(a) Orientation Session.** Upon commencement of ~~the~~<u>each</u> mediation session, a mediator ~~shall~~<u>must</u>:

(1) describe the mediation process and;

(2) describe the role of the mediator,; and shall

(3) inform the mediation participants that:

(1A) mediation is a consensual process;

(2B) the mediator is an impartial facilitator without authority to impose a resolution or adjudicate any aspect of the dispute; and

(3C) communications made during the process are confidential, except where disclosure is required or permitted by law.

**(b) Adjournment or Termination.** A mediator shallmust:

(1) – (2) [No Change]

(3) adjourn or terminate the mediation if the mediator believes the case is unsuitable for mediation or any party is unable or unwilling to participate meaningfully in the process;

(4) adjourn or terminate the mediation if any party is unable or unwilling to participate meaningfully in the process;

(5) terminate a mediation entailing fraud, duress, the absence of bargaining ability, or unconscionability; and

(5)(6) terminate any mediation if the physical safety of any person is endangered by the continuation of mediation.; or

(7) terminate any mediation upon determination that the mediator is required to make a mandatory report under chapter 39 or 415, Florida Statutes, if making the report creates a

conflict of interest.

**(c) Closure.** The mediator ~~shall~~must cause the terms of any agreement reached to be memorialized appropriately and discuss with the parties and counsel the process for formalization and implementation of the agreement.

## Committee Notes

**2024 Revision.** Mediators are precluded from making group opening statements with parties from multiple cases.

**2000 Revision.** [No Change]

## RULE 10.430. SCHEDULING MEDIATION

A mediator ~~shall~~must schedule a mediation in a manner that provides adequate time for the parties to fully exercise their right of self-determination. A mediator ~~shall~~must perform mediation services in a timely fashion, avoiding delays whenever possible.

## RULE 10.500. MEDIATOR'S RESPONSIBILITY TO THE COURTS

A mediator is accountable to the referring court with ultimate authority over the case. Any interaction discharging this responsibility, however, ~~shall~~must be conducted in a manner consistent with these ethical rules.

## Committee Notes

**2000 Revision.** [No Change]

## RULE 10.510. INFORMATION TO THE COURT

A mediator ~~shall~~must be candid, accurate, and fully responsive to the court concerning the mediator's qualifications, availability, and other administrative matters.

## RULE 10.520.  COMPLIANCE WITH AUTHORITY

A mediator ~~shall~~must comply with all statutes, court rules, ~~local court orders,~~ and administrative orders relevant to the practice of mediation.

## RULE 10.530.  IMPROPER INFLUENCE

A mediator ~~shall~~must refrain from any activity that has the appearance of improperly influencing a court to secure an appointment to a case.

### Committee Notes

**2000 Revision.** [No Change]

## RULE 10.600.  MEDIATOR'S RESPONSIBILITY TO THE MEDIATION PROFESSION

A mediator ~~shall~~must preserve the quality of the profession. A mediator is responsible for maintaining professional competence and forthright business practices, fostering good relationships, assisting new mediators, and generally supporting the advancement of mediation.

### Committee Notes

**2000 Revision.** [No Change]

## RULE 10.610.  MARKETING PRACTICES

**(a) False or Misleading Marketing Practices.** A mediator ~~shall~~must not engage in any marketing practice, including advertising, which contains false or misleading information. A mediator ~~shall~~must ensure that any marketing of the mediator's qualifications, services to be rendered, or the mediation process is accurate and honest.

**(b) – (d)** [No Change]

**(e) Prohibited Claims or Promises.** A mediator ~~shall~~must not make claims of achieving specific outcomes or promises implying favoritism for the purpose of obtaining business.

**(f) Additional Prohibited Marketing Practices.** A mediator ~~shall~~must not engage in any marketing practice that diminishes the importance of a party's right to self-determination or the impartiality of the mediator, or that demeans the dignity of the mediation process or the judicial system.

## Commentary

**2010 Revision.** [No Change]

## RULE 10.620.  INTEGRITY AND IMPARTIALITY

A mediator ~~shall~~may not accept any engagement, provide any service, or perform any act that would compromise the mediator's integrity or impartiality.

## RULE 10.630.  PROFESSIONAL COMPETENCE

A mediator ~~shall~~must acquire and maintain professional competence in mediation. ~~A mediator shall~~ by regularly participat~~e~~ing in educational and professional activities ~~promoting professional growth~~.

## RULE 10.640.  SKILL AND EXPERIENCE

A mediator ~~shall~~must decline an appointment, withdraw, or request appropriate assistance when the facts and circumstances of the case are beyond the mediator's skill or experience.

## RULE 10.660.  RELATIONSHIPS ~~WITH~~OF OTHER MEDIATORS

A mediator ~~shall~~must respect the professional relationships of another mediator.

**RULE 10.670.  RELATIONSHIPS WITH OTHER PROFESSIONALS**

A mediator ~~shall~~<u>must</u> respect the role of other professional disciplines in the mediation process and ~~shall~~<u>must</u> promote cooperation between mediators and other professionals.

**RULE 10.680.  PROHIBITED AGREEMENTS**

With the exception of an agreement conferring benefits upon retirement, a mediator ~~shall~~<u>must</u> not restrict or limit another mediator's practice following termination of a professional relationship.

**Committee Notes**

**2000 Revision.** [No Change]